**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

YONG HO LEE,            :
                                :
           Plaintiff,       :
                                :
           v.                :       CIVIL ACTION NO.
                                :       2:09-CV-0096-RWS
PULTE MORTGAGE, LLC, et al,    :
                                :
           Defendants.     :
                                :

## <u>ORDER</u>

This case comes before the Court on Defendants' Motion for a More

Definite Statement and to Dismiss [3]. After reviewing the record, the Court

enters the following order.

### **Background[1]**

In March 2006, Plaintiff obtained two loans in the combined amount of

$290,000, secured by the property located at 760 Mayfair Court, Suwanee,

Georgia ("Property"). (Complaint, Dkt. No. [1-4] at ¶¶ 1, 34-35). He borrowed

$232,000, at a fixed rate of 6.750% for thirty years, supported by a first lien

---

[1]As this matter is before the Court on a motion to dismiss, the Court takes the
factual allegations in the Complaint [1-4] as true. <u>Cooper v. Pate</u>, 378 U.S. 546, 84
S.Ct. 1733, 12 L.Ed.2d 1030 (1964)

mortgage.  (Id. at ¶¶ 34, 36).  He borrowed an additional $58,000, at a fixed rate

of 8.945% for fifteen years, with a balloon payment of $46,108.69, at the end of

the term, supported by a second lien mortgage.  (Id. at ¶¶ 34, 36, 37).

On May 14, 2009, Plaintiff filed his Complaint [1-4] in the Superior

Court of Forsyth County, Georgia, asserting claims against Pulte Mortgage,

LLC, Countrywide Financial Corp., Bank of America, N.A., Mortgage

Electronic Registration Systems, Inc., two other named Defendants and

Unnamed Defendants Does 1 through 50 for fraud, conversion, quiet title, civil

conspiracy, injunctive relief, violation of a settlement agreement, as well as

violations of the Georgia Uniform Deceptive Trade Practices Act, Georgia

Residential Mortgage Act, the Georgia Fair Business Practices Act, and Georgia

RICO violations.  This case was removed by Defendants on June 19, 2009 to

this Court [1].

Plaintiff alleges that he "was induced by Defendants  to obtain a loan" to

purchase the Property and was "induced by same Defendants to obtain a second

mortgage."  (Complaint at ¶¶ 34, 35).  Plaintiff alleges that "Defendants

disregarded and ignored Plaintiff's actual ability to pay off the loans and steered

Plaintiff to loans he could not afford to increase their own profit."  (Id. at 40).

2

Plaintiff alleges that Defendants induced him to accept Defendants' risky loan products through material omissions and misrepresentations. (Id. at 41).

On June 29, 2009, Defendants filed a Motion for a More Definite Statement and to Dismiss [3]. Primarily, Defendants contend that Plaintiff's Complaint is a shotgun pleading–that it "indiscriminately incorporates into each count all of the preceding counts and allegations, is replete with conclusory speculations of unspecified 'illegal activity' and 'fraud,' and fails to draw any distinctions between the alleged conduct between and among any of the Served Defendants or the unserved defendants." (Dkt. No. [3-2] at 2). Defendants ask the Court to dismiss the counts that fail to state a claim upon which relief can be granted and direct the Plaintiff to replead, if possible, the remaining counts with specific facts. (Id.).

## Discussion

The Eleventh Circuit has clearly established that shotgun pleadings are an unacceptable form of establishing a claim for relief. Strategic v. Income Fund v. Spear, Leeds & Kellogg, 305 F.3d 1293 (11th Cir. 2002). By definition, a shotgun pleading is one that "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most

3

of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Id. at 1295 n.9.  As a result, it is oftentimes difficult to discern which allegations of fact correspond to which defendant or claim for relief.  Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996); see also Beckwith v. Bellsouth Telecomm. Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005) ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a 'shotgun pleading.' ").  The structure of the complaint is such that the defendant may find it impossible to frame a responsive pleading and provide appropriate defenses. Id.

Rather than attempt to sift through a myriad of various counts and allegations, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement.  The court may then require the plaintiff to amend the complaint to adequately comply with the rules of civil procedure.  Dismissal of the complaint with prejudice is a drastic sanction and requires a showing that the plaintiff acted willfully or in bad faith, or that lesser sanctions will not suffice. Beckwith, 146 F. Appx. at 373.

AO 72A
(Rev.8/82)

Here, Plaintiff's Complaint amounts to a shotgun pleading. Plaintiff alleges eleven counts against seven named defendants and fifty unnamed defendants. The Complaint attempts to categorize all Defendants as a single actor, failing to differentiate which actions should be attributed to which Defendant. Plaintiff does not specify how each of the Defendants was specifically involved in the alleged misstatements and omissions that constitute her claim.

Absent a showing of willfulness, bad faith, or the insufficiency of lesser sanctions, a dismissal with prejudice is not warranted. While it is unlikely that Plaintiff will be able to state a claim as a matter of law as to each of the counts presently included in his Complaint, the Court finds that Plaintiff should be afforded an opportunity to amend his Complaint. Accordingly, Plaintiff is **DIRECTED** to replead his complaint, stating specifically which Defendants are responsible for each alleged act. Plaintiff must file the amended complaint within fourteen (14) days of this Order's issue date. Defendants' Motion for a More Definite Statement [3-1] is **GRANTED,** and Defendants' Motion to Dismiss [3-2] is **DENIED** at this time. Following Plaintiff's filing of amended complaint, Defendants may file a renewed Motion to Dismiss, if appropriate.

5

**Conclusion**

Based on the foregoing, Plaintiff is **DIRECTED** to replead his complaint within fourteen (14) days of this Order. Defendants' Motion for a More Definite Statement [3-1] is **GRANTED**, and Defendants' Motion to Dismiss [3-2] is **DENIED**.

**SO ORDERED**, this _16th_ day of March, 2010.


**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)